86 F.3d 1157
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Jimmy W. SLUDER, Bobby E. Baker, Paul L. McCaleb, Brandon B.
Bowling, Defendants/Appellants.[1]
 Nos. 95-6103, 95-6226, 95-6227 and 95-6505.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 Before: KENNEDY, CONTIE and MILBURN, Circuit Judges.
 
 
 1
 In these consolidated cases from Tennessee's Eastern District, appeals are brought on the basis of convictions for violations of 18 U.S.C. § 922(g)(1) which criminalizes a convicted felon's shipping or transporting in interstate commerce, or possession in or affecting commerce any firearm or ammunition.
 
 
 2
 Pursuant to the authority granted by Fed.R.App.P. 34(a) and the Sixth Circuit's Rule 9, this panel has unanimously decided that oral argument is not needed. The dispositive issue in these cases has been recently authoritatively decided. 6th Cir.R. 9(b)(2).
 
 
 3
 Citing Lopez v. United States, 115 S.Ct. 1624 (1995), appellants argue that Congress is without authority to pass § 922(g)(1) and that the law is therefore unconstitutional. Our court has recently spoken directly on this issue in United States v. Turner, 77 F.2d 887 (6th Cir.1996).
 
 
 4
 A decision by a panel in our circuit can only be reversed by the United States Supreme Court or by an en banc panel of the Sixth Circuit; we are therefore bound by Turner. See Bromley v. Michigan Education Assoc.-NEA, Nos. 94-1164, 94-1210, 1996 WL 200726, * 11 (6th Cir. April 26, 1996). This court having held that passage of the statute in question was within the Congress' constitutional authority, affirmance of convictions is required in these cases.
 
 
 5
 Accordingly, the judgments of the District Court are AFFIRMED.
 
 
 
 [1]
 With the exception of petitioner Brandon B. Bolling, who brings this action under 28 U.S.C. § 2255, all claims are on direct appeal